UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ULLOA-NAVARRO,<br><br>    Movant-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Plaintiff. | Civ. Case No.  13cv3190  BTM<br>Crim. Case No.12cr1111 BTM<br><br>**ORDER DENYING<br>28 U.S.C. § 2255 MOTION AND<br>DENYING CERTIFICATE OF<br>APPEALABILITY** |

Defendant Hector Ulloa-Navarro has filed a motion to reduce his sentence under 28 U.S.C. § 2255 (Doc. 264).  For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

On May 16, 2013, pursuant to a Plea Agreement (Doc. 186), Defendant tendered a plea of guilty to Count One of the Superceding Indictment (knowingly and intentionally conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846).  In an order dated July 26, 2013, the Court accepted Defendant's guilty plea.  (Doc. 215.)

On November 27, 2013, Defendant was sentenced to a 37 month term of imprisonment and 3 years of supervised release.  Judgment was entered on November 27, 2013.

## II.  DISCUSSION

Defendant argues that his sentence should be reduced on the grounds that (1) the United States Attorney General can suggest a downward departure if the defendant accepts a final deportation order; and (2) "he faces the prospect of objectively more severe prison conditions solely because he is a deportable alien" (Mot. at 4).  He also nominally argues that (3) his attorney was ineffective for failing to advise him of the option of a "fast-track" plea agreement, and also for (4) failing to request a downward departure on the basis of aberrant behavior.  (Mot. at 4.)  Defendant's arguments lack merit.

### A.  Waiver

Defendant is barred from arguing for a reduction of his sentence under the terms of the Plea Agreement (Doc. 186).  The Plea Agreement provided that the sentence was within the sole discretion of the sentencing judge and that Defendant understood that he had no right to withdraw the plea even if the judge did not follow any of the parties' sentencing recommendations.  (Plea Agreement § IX.)  Defendant and the Government agreed to recommend a base offense level of 28.  (Plea Agreement § X, ¶ A.)  The parties also agreed that Defendant qualified for a two-level reduction for playing only a minor role in the conspiracy pursuant to United States Sentencing Guidelines ("USSG" or "Guidelines") § 3B1.2.  (Id.)  The Government also agreed to recommend a three-level reduction for acceptance of responsibility, provided Defendant acted consistently with acceptance of responsibility.  (Plea Agreement § X, ¶¶ A, B.)  The parties agreed that neither party would request or recommend any additional adjustments.  (Plea Agreement § X, ¶ C.)

The Plea Agreement further provided that in exchange for the Government's concessions in the plea agreement, Defendant "*waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence,* except a post-conviction collateral attack based on a claim of

ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (Plea Agreement § XI) (emphasis added).  At sentencing, the Government recommended a sentence of 46 months, the low end of the guideline range. The Court imposed a lower sentence of 37 months.  Thus, Defendant is bound by his waiver in the Plea Agreement.

A waiver of appeal and/or collateral attack of a conviction is enforceable if knowingly and voluntarily made.  <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993).  At the sentencing hearing, the Court confirmed that Defendant understood that he had waived his right to appeal and collateral attack.  (Hr'g Tr., Doc. 293 at 50.)  With the inconsequential exceptions discussed below, Defendant does not argue that his attorney was ineffective in advising him regarding the Plea Agreement or that his plea was otherwise unknowing or involuntary.  Defendant has accordingly relinquished his right to challenge his sentence through collateral attack.

**B.     Deportation Status**

Even if the Court considered the merits of his claim, the motion would be denied.  During the sentencing hearing, the Court rejected Defendant's arguments for a reduced sentence based on his status as a deportable alien. The Court reaffirms its analysis. (Hr'g Tr., Doc. 293 at 46-48.)  Even if the Court were to reconsider Defendant's departure request, it would be denied on the merits.  First, there is no evidence that Defendant stipulated to deportation or that the Government offered a downward departure for deportation.  The Plea Agreement says nothing about a downward departure in exchange for Defendant's agreement to be removed.   Finally, even if the parties had so stipulated, it could not have affected the sentence because Defendant is subject to a mandatory minimum—a floor impervious to a § 5K2.0 deportation

departure (as opposed to a § 5K1.1 cooperation departure). See <u>United States v. Auld</u>, 321 F.3d 861, 867 (9th Cir. 2003); <u>United States v. Jackson</u>, 577 F.3d 1032, 1036 (9th Cir. 2009). This was also specifically explained at the sentencing hearing. (Hr'g Tr. at 44.)

## C. **Ineffective Assistance of Counsel**

A defendant seeking to challenge the validity of his conviction on the ground of ineffective assistance of counsel must demonstrate that his counsel's performance was deficient and that the deficiency prejudiced him. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-89 (1984). To establish prejudice where he has pled guilty, a defendant must show a reasonable probability that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." <u>Missouri v. Frye</u>, ____ U.S. ____, 132 S. Ct. 1399, 1409 (2012); <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994). As explained below, Defendant here satisfies neither prong, *inter alia*, because the Court was unable to depart below the mandatory minimum sentence on any ground besides cooperation.

### 1. <u>Fast-Track Program</u>

Defendant flatly claims that his attorney was ineffective for failing to advise him of the option of a "fast-track" plea agreement, and also for failing to request a downward departure on the basis of aberrant behavior. Certain criminal defendants may receive a downward departure under USSG § 5K3.1 after participating in the U.S. Attorney's Office swift disposition or "fast-track" program. Here, there is no indication that Defendant was eligible for the fast-track program or that it would have helped him, since he faced a mandatory minimum sentence as explained above.

### 2. <u>Aberrant Behavior</u>

The Guidelines provide for a departure based on "aberrant behavior" in exceptional circumstances. USSG § 5K2.20. Even assuming it could have

been warranted under the circumstances, that option was unavailable to Defendant here because the crime of conviction constitutes a "serious drug trafficking offense."  See U.S.S.G. § 5K2.20(c)(3) and Application Note 1; United States v. Carey, 2014 U.S. Dist. LEXIS 9844, *12 (S.D. Cal. Jan. 27, 2014).  Furthermore, as explained at sentencing (Hr'g Tr. at 34-35), the Court could not have departed further in this case on any ground unrelated to the defendant's assistance to the government pursuant to 18 U.S.C. § 3553(e).

The Court finds no error here, as defense counsel was under no obligation to request relief that Defendant was ineligible for.  See, e.g., Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection.").

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to reduce sentence is **DENIED**.  The Court **DENIES** a Certificate of Appealability.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 12, 2014

BARRY TED MOSKOWITZ
Chief Judge
United States District Court